Debra I. Grassgreen (CA Bar No. 169978)
John D. Fiero (CA Bar No. 136557)
Cia H. Mackle (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
One Market Plaza, Spear Tower
40th Floor, Suite 4000
San Francisco, CA 94105-1020
Telephone: (415) 263-7000
Facsimile: (415) 263-7010
E-mail: dgrassgreen@pszjlaw.com
jfiero@pszjlaw.com
cmackle@pszjlaw.com

*Attorneys for Michael Goldberg,
Trustee of the PFI Trust*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PROFESSIONAL FINANCIAL INVESTORS, INC., *et al.*,<br><br>Debtors. | Case No. 20-30604<br>(Jointly Administered)<br><br>Chapter 11 |
| MICHAEL GOLDBERG,<br>TRUSTEE OF THE PFI TRUST,<br><br>Plaintiff,<br><br>v.<br><br>US PERFORMING ARTS CAMPS,<br><br>Defendant. | Adv. Proc. No. _____<br><br>**COMPLAINT FOR AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS; BREACH OF CONTRACT; AND MONEY HAD AND RECEIVED/UNJUST ENRICHMENT** |

Plaintiff Michael Goldberg, the duly-appointed trustee for the PFI Trust ("Plaintiff"), in support of his Complaint for Avoidance and Recovery of Fraudulent Transfers; Breach of Contract; and Money Had and Received/Unjust Enrichment, alleges as follows:

**Preliminary Statement**

1. This adversary proceeding arises from the massive Marin County Ponzi scheme involving Ken Casey and Lewis Wallach, who ran Professional Financial Investors, Inc. ("PFI")

1

and Professional Investors Security Fund, Inc., ("PISF"). PFI and PISF served as either the general manager (in the case of a limited liability company) or the general partner (in the case of a limited partnership) of forty-one affiliated entities described below, each of which ultimately became a debtor in these bankruptcy proceedings (collectively, the "Debtors"). Over the course of the scheme, hundreds of millions in investor funds were lost.

2. Defendant US Performing Arts Camps (the "Defendant") is a California corporation received substantial transfers of cash from this Ponzi scheme, some of which were labeled as "loans" on the company's books. The Trustee's ongoing investigation has revealed that the Defendant received at least $287,600 in transfers since April 25, 2019.

3. Plaintiff Michael I. Goldberg is the duly appointed Trustee of the PFI Trust, which is the legal successor to all rights and duties previously held by PFI, PISF and the balance of the affiliated bankruptcy debtors (the "Debtors").

4. Plaintiff brings this adversary proceeding pursuant to sections 105(a), 544, 548(a), 550(a), of title 11 of the United States Code (the "Bankruptcy Code) to (a) avoid actual and constructive avoidable transfers by one or more Debtors to or for the benefit of the Defendant; and (b) recover the value for the benefit of the bankruptcy estate. Plaintiff also brings California state claims pursuant to Civil Code section 3439.04. Section 544(b) of title 11 allows a trustee to step into the shoes of an actual unsecured creditor of the debtor and avoid payments that an actual unsecured creditor of the debtor could avoid under state law. Finally, Plaintiff seeks the return of the money had and received by Defendant, who was unjustly enriched.

**Jurisdiction and Venue**

5. This is an adversary proceeding brought under Bankruptcy Rule 7001 relating to the jointly administered Chapter 11 case, *In re Professional Financial Investors, Inc., et al.*, Case No. 20-30604 (Bankr. N.D. Cal.) (the "Bankruptcy Case").

6. This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1334(b) because this adversary proceeding arises in, arises under, or relates to the Bankruptcy Case.

7. This proceeding is a "core" proceeding under 28 U.S.C. § 157(b)(2). Specifically,

2

the action includes claims avoiding and recovering transfers under 11 U.S.C. §§ 548 and 550.

8. This Court has personal jurisdiction over the Defendant.

9. Under Federal Rule of Bankruptcy Procedure 7008, Plaintiff consents to entry of a final order or judgment by the Bankruptcy Court in this matter.

10. This Court may enter final judgment or propose findings of fact and conclusions of law in this action. 28 U.S.C. § 157(b)(1); *Stern v. Marshall*, 131 S. Ct. 2594, 2620 (2011).

11. Venue is proper in the Northern District of California under 28 U.S.C. § 1409(a) because the Debtors' chapter 11 case is pending in this judicial district.

## Parties

12. In July 2020, and in the months that followed, Debtors commenced a series of voluntary and involuntary cases under chapter 11 of the Bankruptcy Code.

13. Pursuant to the *Modified Second Amended Joint Chapter 11 Plan of Professional Financial Investors, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors and Supported by the Ad Hoc LLC Members Committee and the Ad Hoc DOT Noteholders Committee Dated (May 20, 2021)* filed November 1, 2021 (the "Plan")[1], Michael I. Goldberg is the Trustee of the PFI Trust. In accordance with such Plan, the Trustee has standing to pursue "all Avoidance Actions and Causes of Action held by the Debtors or the estates" under chapter 11 of the Bankruptcy Code and/or applicable state law. (Dkt. 964, Section 1.112).

14. Debtor Professional Financial Investors, Inc. ("PFI") is a corporation organized under the laws of the State of California with its principal place of business in Marin County, California. PFI is a debtor in bankruptcy case number 20-30604.

15. Debtor Professional Security Investors, Inc. is a corporation organized under the laws of the State of California with its principal place of business in Marin County, California. PISF is a debtor in Court case number 20-30578.

16. Professional Investors Security Fund I, A California Limited Partnership; Professional Investors Security Fund IV, A California Limited Partnership; Professional Investors

---

[1] The PFI Trust was established for the PFI Beneficiaries, as defined in the Plan. (Dkt. 964, Section 1.111.)

3

Security Fund VII, A California Limited Partnership; Professional Investors Security Fund IX, A California Limited Partnership; Professional Investors Security Fund XII, A California Limited Partnership; Professional Investors Security Fund XIII, A California Limited Partnership; Professional Investors Security Fund XIV, A California Limited Partnership; Professional Investors Security Fund XV, A California Limited Partnership; Professional Investors Security Fund XVII, A California Limited; Professional Investors Security Fund XVIII, A California Limited Partnership; Professional Investors 20, LLC; Professional Investors 21, LLC; Professional Investors 22, LLC; Professional Investors 23, LLC; Professional Investors 24, LLC; Professional Investors 25, LLC; Professional Investors 26, LLC; Professional Investors 27, LLC; Professional Investors 29, LLC; Professional Investors 30, LLC; Professional Investors 31, LLC; Professional Investors 32, LLC; Professional Investors 33, LLC; Professional Investors 34, LLC; Professional Investors 35, LLC; Professional Investors 36, LLC; Professional Investors 37, LLC; Professional Investors 38, LLC; Professional Investors 39, LLC; Professional Investors 40, LLC; Professional Investors 41, LLC; Professional Investors 42, LLC; Professional Investors 43, LLC; Professional Investors 44, LLC; Professional Investors 45, LLC; Professional Investors 46, LLC; Professional Investors 47, LLC; Professional Investors 48, LLC; and Professional Investors 49, LLC (collectively "Affiliated Debtors") are related limited partnerships or limited liability companies organized and existing under the laws of the State of California with their principal place of business in Marin County, California.

17. The bankruptcies of the Debtors and Affiliated Debtors are being jointly administered under Case No. 20-3064.

18. Defendant US Performing Arts Camps is a corporation organized under California law and doing business in Marin County, California. As such, Defendant is an entity that may be served with process by any manner of service authorized by Rule 7004 of the Federal Rules of Bankruptcy Procedure.

19. Plaintiff seeks to avoid and recover from Defendant or any other person or entity for whose benefit transfers were made pursuant to sections 548 and 550 of the Bankruptcy Code any transfers that may have been fraudulent conveyances.

4

20. Plaintiff seeks to disallow, pursuant to section 502(d) of the Bankruptcy Code, any claim that Defendant has filed or asserted against the Debtors, or that has been scheduled for Defendant. Plaintiff does not waive but hereby reserves all of his rights to object to any such claim for any reason, including, but not limited to, any reason set forth in section 502 of the Bankruptcy Code.

## Factual Background

### *The Underlying Ponzi Scheme*

21. From at least January 1, 2007 until shortly before they sought bankruptcy protection, PFI and PISF and their numerous debtor affiliates (collectively, "Debtors") were operated by their founder and principal Ken Casey as a Ponzi scheme. Lewis Wallach is the former president and Chief Executive Officer of PFI who also participated in the fraudulent scheme. The scheme came to light upon Casey's death in May 2020.

22. On July 16, 2020, creditors of PISF commenced an involuntary chapter 11 bankruptcy action against PISF in this Court. (Case No. 20-30579) ("PISF Case").

23. On July 26, 2020, PISF filed consent to entry of an order for relief in the PISF Case, which was entered July 27, 2020.

24. On July 26, 2020 ("Petition Date"), Debtor PFI filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

25. PFI later filed involuntary petitions against the majority of its limited liability companies and limited partnerships identified in paragraph 17 as Affiliated Debtors. PFI consented to the involuntary petitions and the Court entered orders for relief.

26. The Debtors' chapter 11 cases are being jointly administered under Case No. 20-30604.

27. On August 19, 2020, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors (the "OCUC").

28. On April 13, 2021, the OCUC filed a Complaint for Declaratory Relief against the Debtors seeking a formal judicial Ponzi filing.

29. On May 17, 2021, pursuant to stipulation, the Bankruptcy Court entered judgment in favor of the OCUC, and against the Debtors, "determining that the [Debtors'] businesses were all part of an overarching Ponzi scheme that began no later than January 1, 2007."

30. Between April 25, 2019 and the Petition Date (the "Relevant Period"), one or more Debtors transferred at least $287,600 to the Defendant (the "Transfers").

31. The Transfers made to the Defendant were made in furtherance of and to sustain the Ponzi scheme.

32. As more fully set forth in the Plan, the Plan preserves all Avoidance Actions (as defined in the Plan) and grants the Trustee of the PFI Trust the power to pursue and prosecute such Avoidance Actions.

33. Defendant received the Transfers during the Relevant Period.

34. The allegations in this Complaint are without prejudice to the assertion of any other claim(s) of the bankruptcy estate against the Defendant.

## COUNT ONE

**(Avoidance and Recovery of Actual Fraudulent Transfers
Pursuant to 11 U.S.C. §§ 548(a)(1)(A) and 550(a))**

35. Plaintiff incorporates by this reference paragraphs 1 through 34, above, as though set forth herein in full.

36. Any transfers made to Defendant within two years of the Petition Date are avoidable by Plaintiff to the extent that they were made with the actual intent to hinder, delay, or defraud one or more creditors as set forth in Section 548(a)(1)(A) of the Bankruptcy Code.

37. Beginning on April 25, 2019, Defendant received Transfers from Debtors totaling at least $287,600.

38. The Transfers made to Defendant within two years preceding the Petition Date were made with the actual intent to hinder, delay, or defraud Debtors' creditors.

39. As alleged herein, there are a multitude of badges of fraud present with respect to the Transfers made to the Defendant. The existence and sheer number of the badges of fraud

6

present in this matter, present at the time of each of the Transfers to Defendant, together with the Court's Ponzi judgment, indicate that Debtors intended to hinder, delay, or defraud its creditors.

40. Each of the Transfers that occurred within two years of the Petition Date was of an interest of the Debtors in property.

41. As a result of the foregoing, Plaintiff is entitled to judgment pursuant to Bankruptcy Code sections 548(a), 550(a) and 551 avoiding those transfers.

## COUNT TWO

**(Avoidance and Recovery of Constructive Fraudulent Transfers Pursuant to 11 U.S.C. §§ 548(a)(1)(B)) and 550(a))**

42. Plaintiff incorporates by this reference paragraphs 1 through 41, above, as though set forth herein in full.

43. Transfers made to Defendant within two years of the Petition Date are avoidable by Plaintiff under Section 548(a)(1)(B) of the Bankruptcy Code to the extent that they were made during that period and the Debtors received no value or less than reasonably equivalent value in exchange for them.

44. Beginning on or about April 25, 2019, Defendant received the Transfers from Debtors totaling $287,600.00. At the time the Transfers were made to Defendant, Debtors received no value or less than reasonably equivalent value in exchange.

45. At the time the Transfers were made to Defendant, Debtors were insolvent and/or were engaged or about to engage in a business or a transaction for which the remaining assets of Debtors was unreasonably small in relation to the business or transaction.

46. At the time the Transfers were made to Defendant, Debtors intended to incur, or believed or reasonably should have believed it would incur, debts beyond its ability to pay them as they became due.

47. The Transfers to Defendant are avoidable by the Trustee.

48. Each of the Transfers that occurred within two years of the Petition Date was of an interest of the Debtors in property.

49. As a result of the foregoing, Plaintiff is entitled to judgment pursuant to Bankruptcy Code sections 548(a), 550(a) and 551 avoiding the Transfers and recovering their value for the benefit of the estate.

### THIRD CLAIM FOR RELIEF – State Law Claim

**(For Avoidance and Recovery of Actual Fraudulent Transfers Pursuant to California Civil Code §§ 3439.04(a)(1) and 3439.07(a)(1))**

50. Plaintiff incorporates by this reference paragraphs 1 through 49, above, as though set forth herein in full.

51. On or after April 25, 2019, Defendant received Transfers from Debtors totaling $287,600.00.

52. The Transfers made to Defendant by Debtors were made with the actual intent to hinder, delay, or defraud Debtors creditors because they were funded with fictitious profits as a part of Debtors' fraud. As alleged herein, there are a multitude of badges of fraud present with respect to the Transfers made to the Defendant. The existence and sheer number of the badges of fraud present in this matter, present at the time of each of the Transfers to Defendant, indicate that Debtors intended to hinder, delay, or defraud their creditors.

53. Pursuant to California Civil Code section 3439.07(a)(1), the Trustee is entitled to recover the value of any transfers avoided.

54. The Trustee has diligently conducted an investigation into the operations of Debtors since his appointment, and is entitled to damages from Defendant in a sum of not less than $287,600, with interest as provided by law from the date of each payment.

### FOURTH CLAIM FOR RELIEF - State Law Claim

**(For Avoidance and Recovery of Constructive Fraudulent Transfers Pursuant to California Civil Code §§ 3439.04(a)(2) and 3439.07(a)(1))**

55. The Trustee incorporates by this reference paragraphs 1 through 54, above, as though set forth herein in full.

56. On or after April 25, 2019, Defendant received Transfers from Debtors totaling $287,600.00.

57. The Transfers were made to Defendant were made without Defendant giving reasonably equivalent value to Debtors in exchange.

58. At the time the Transfers were made to Defendant, Debtors were engaged in or were about to engage in business or transactions for which Debtors' remaining assets were unreasonably small in relation to the business or transactions.

59. At the time the Transfers were made to Defendant, Debtors were insolvent and/or were engaged or was about to engage in a business or a transaction for which their remaining assets were unreasonably small in relation to the business or transaction.

60. At the time the Transfers were made to Defendant, Debtors intended to incur, or believed or reasonably should have believed they would incur, debts beyond their ability to pay them as they became due.

61. The Transfers are avoidable. Pursuant to California Civil Code section 3439.07(a)(1), the Trustee is entitled to recover the value of transfers avoided. The Trustee is entitled to damages from Defendant in a sum of not less than $47,471.14 with interest as provided by law from the date of each payment.

## FIFTH CLAIM FOR RELIEF – State Law Claim

### (For Money Had and Received/Unjust Enrichment)

62. The Trustee incorporates by this reference paragraphs 1 through 61, above, as though set forth herein in full.

63. Plaintiff is informed and believes, and on that basis alleges, that the Debtors often recorded the Transfers in their books and records as "loans." Here such amounts, resulted in Defendant receiving $287,600 from the Debtors. Defendant thus benefited from the receipt of the Transfers. Under principles of good conscience, Defendant should not be allowed to retain that money because Defendant was unjustly enriched by the full amount of the Transfers.

64. Accordingly, the Trustee is entitled to damages from Defendant in a sum of not less than $287,600, with interest as provided by law.

//

//

9

DOCS_SF:107689.2 70012/001

Case: 22-03085   Doc# 1   Filed: 07/26/22   Entered: 07/26/22 16:24:06   Page 9 of 10

# **PRAYER FOR RELIEF**

WHEREFORE, the Trustee respectfully requests that this Court enter judgment as follows:

1. Entering an order of judgment avoiding the Transfers to the Defendant under 11 U.S.C. § 548(a)(1)(A);

2. Entering an order of judgment avoiding the Transfers to the Defendant under 11 U.S.C. § 548(a)(1)(B);

3. Recovering the value of the transfers avoided under 11 U.S.C. § 548;

4. Entering an order of judgment avoiding the value of the Transfers under Cal. Civil Code § 3439.04 and recovering the value of such transfers;

3. Entering an order of judgment in the amount of no less than $287,600.00, or an amount to be proven at trial, in favor of the Plaintiff and against the Defendant;

4. Prejudgment and post-judgment interest as allowed by law; and

5. All other relief to which Plaintiff is entitled.

Dated: July 26, 2022          PACHULSKI STANG ZIEHL & JONES LLP

By  */s/ John D. Fiero*
Debra I. Grassgreen
John D. Fiero
Cia H. Mackle

*Attorneys for Michael I. Goldberg,
Trustee of the PFI Trust*

10