

**Signed and Filed: February 15, 2023**

_____
**HANNAH L. BLUMENSTIEL**
**U.S. Bankruptcy Judge**

### UNITED STATES BANKRUPTCY COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In re: | ) | Case No. 20-30604 HLB |
| | ) | |
| PROFESSIONAL FINANCIAL INVESTORS, INC., | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| MICHAEL I. GOLDBERG, Trustee of the PFI Trust, | ) | Adv. Proc. No. 22-3085 HLB |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| US PERFORMING ARTS CAMPS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### SCHEDULING ORDER

     This proceeding came before the court on February 9, 2023 for a continued scheduling conference.  Appearances were as noted on the record.  After the February 9 scheduling conference, the court issued a Docket Text Order that required the parties to file no later than February 16, 2023 an amended discovery plan.  The parties timely complied.  Upon due consideration, the Court hereby **ORDERS** as follows.

**TRIAL**.  The trial or hearing ("Trial") on the above matter(s) will commence on the Date and Time of Trial, set forth below.  In the discretion of the presiding judge, trial will be conducted either via Zoom or in person at the United States Bankruptcy Court, 450 Golden Gate Avenue, Sixteenth Floor, Courtroom 19, San Francisco, CA 94102.  The Time Reserved for Trial is also shown below.

**FACT DISCOVERY**.  Fact discovery shall be completed by the Fact Discovery Deadline shown below.  Completion means that depositions must be concluded, although not necessarily transcribed.  As to written discovery, responses and any document production must be due before the Fact Discovery Deadline.  The court will attempt to resolve all discovery disputes on an expedited basis consistent with paragraph D of the court's Practices & Procedures.

The Fact Discovery Deadline may be extended by the parties by agreement, without an order of the Court.  Extensions of all other deadlines set forth in this order require the court's prior approval.

**PREPARATION FOR PRE-TRIAL CONFERENCE**.  The court will conduct a Pre-Trial Conference on the date set forth at the end of this order.  Prior to that Pre-Trial Conference, the parties shall meet and confer by telephone or video (NOT by email) to discuss the following:

**(a)**  The means by which documentary evidence will be presented.  (See Pre-Trial Submissions Para. (c), below.)

**(b)**  Whether the trial will be conducted via Zoom or in-person.  While the presiding judge will decide this question,

the parties should consider and discuss the following in preparing for the Pre-Trial Conference:

**(i)** <u>Counsel's access to technology</u>:

**(aa)** Will each lawyer be able to participate in the trial with a sufficiently large computer monitor or multiple screens? A larger screen provides space to view the witness, manage exhibits, and to view an outline or other materials.

**(bb)** Does each lawyer's computer have a built-in camera and microphone? Will any lawyer need to use an external camera and headset?

**(cc)** Will any lawyer require assistance from his or her secretary or paralegal or someone else to manage exhibits during trial? (The court will not provide such assistance.)

**(ii)** <u>Witnesses' access to technology</u>:

**(aa)** What type of computer, tablet, etc. are available to each witness? Zoom works with PCs, laptops, tablets, and smart phones, however, the smaller the screen, the more difficult it might be to read and manage documents.

**(bb)** If a witness will use a computer, does it have a built-in camera and microphone?

**(cc)** Does each witness have access to a second computer that might allow them to view exhibits separate from the Zoom (camera) screen?

**(dd)** Will the witness be able to testify from a quiet room, without interruption and outside the presence of other people?

**(ee)** Is the witness capable of locating, opening, and navigating through documents?

**(iii)** <u>Presentation of exhibits</u>:

**(aa)** Counsel will prepare electronic exhibits that are distributed to opposing counsel, all witnesses, and the court prior to trial. Exhibits to be used solely for impeachment or rebuttal will be emailed to the presiding judge's Courtroom Deputy along with all other exhibits and thereby lodged with the court in case needed during trial.

**(bb)** During examination, witnesses will view exhibits on a device separate from that which films their face.

**(cc)** Counsel may also elect to use the Zoom "share screen" function for some or all exhibits.

**(iv)** <u>Preparation of electronic exhibits</u>: See Pre-Trial Submissions Para. (c), below.

**(c)** Other issues relevant to trial, such as witness scheduling, the need for interpreters, or other issues of which the court and opposing counsel should be made aware.

**<u>PRE-TRIAL SUBMISSIONS</u>**. No fewer than **14 calendar days** before the Date and Time of Trial, each party shall:

**(a)** File and serve a trial brief, which must include a summary of the facts to be proven and the legal theories on which the party relies. Trial briefs shall not exceed **15 pages** without <u>prior</u> permission of the Court.

**(b)** File and serve a witness list, including a brief summary of the anticipated testimony from each witness. If a party to the matter will be called as a witness (even as an adverse witness) that party's name must be included on the witness list. The presence of a witness' name on the witness list alerts the court and other parties that the witness <u>may</u> be

called.  It does not mean that witness <u>will</u> be called.
Accordingly, each party is responsible for ensuring the
attendance of <u>every witness</u> that party intends to call, whether
or not identified as a potential witness by another party.
Except in exceptional circumstances, and absent the consent of
other parties, a party will not be allowed to call a witness
not identified in that party's witness list.  This subparagraph
shall not apply to expert witnesses or their testimony.

**(c)**  In accordance with the relevant procedures for in-
person or Zoom trials (set forth below), submit to chambers[1] a
list of exhibits (other than those to be used for impeachment
or rebuttal) and exchange with the other parties copies of all
exhibits the party intends to introduce into evidence.  Any
paper(s) in the court's record of which a party intends the
court to take judicial notice, or other facts that are proper
for judicial notice under Fed. R. Evid. 201, must be reproduced
and included as an exhibit(s).  Copies of the declarations
filed and served in accordance with this order must be marked
as exhibits in the manner described herein.  All exhibits are
to be pre-marked for identification.  An exhibit shall not
include more than one document and its attachments.  Each page
of any exhibit that has more than one page shall be numbered
consecutively.

For trials conducted in person, the parties must bring to
trial copies of all exhibits for opposing counsel, the
witnesses and the court, together with an exhibit list.

---

[1] By email to Courtroom Deputy Dan Sondheim:  dan_sondheim@canb.uscourts.gov.

Plaintiff's exhibits should be marked by number and Defendants' exhibits should be marked by letter. If a party has more than **10 exhibits**, the exhibits must be placed in a three-ring binder with a tab for each exhibit and the exhibit list placed at the front of the binder. An exhibit shall not include more than one document and its attachments. Each page of any exhibit that has more than one page shall be numbered consecutively.

For trials conducted in person, the parties may also present documentary evidence electronically, in accordance with the instructions below.

For trials conducted via Zoom, the parties must present their evidence electronically, in accordance with the following procedures:

**(a)** Each party's trial counsel shall provide an initial, separate .pdf file containing a list of the party's trial exhibits, identifying each exhibit by number or letter (as set forth below) and providing a short description of each exhibit. A separate .pdf file is required for each exhibit. An exhibit shall not include more than one document and its attachments. Each page of any exhibit that has more than one page shall be numbered consecutively.

**(b)** Each exhibit shall be a separate .pdf file, named sequentially. Plaintiff's exhibits shall be numbered as follows: P_Ex_1, P_Ex_2, etc. Defendants' exhibits shall be lettered as follows: D[identify specific Defendant]_Ex_A, D[identify specific Defendant]_Ex_B, etc.

**(c)** Lengthy exhibits must be bookmarked so that counsel, witnesses, and the court may access their relevant portions with ease.

**(d)** Exhibits may be submitted by email, or on a thumb drive or CD. Exhibits must be exchanged and provided to the court by the deadline set forth in Paragraph (c) under Pre-Trial Submissions, above.

**EXPERT DISCOVERY AND EVIDENCE**. The presentation of expert testimony at Trial shall be governed by the following:

**(a)** Direct evidence must be presented by a declaration that authenticates the report of the expert. See Fed. R. Civ. P. 26(a)(2)(B), incorporated via Fed. R. Bankr. P. 7026. Each party must file and serve declarations of experts and other documentary evidence related thereto no later than **July 31, 2023.** A party that intends to offer an expert solely to contradict or rebut evidence on the same subject matter identified by another party must file and serve the disclosures required by Fed. R. Civ. P. 26(a)(2) no later than **August 31, 2023.**

**(b)** To cross-examine an opposing party's expert declarant, a party must notify the opposing party in writing or by e-mail at least **3 court days** before the Date and Time of Trial, in which case the declarant will be required to attend the Trial. Any party who fails to notify the opposing party will not be permitted to cross-examine the opposing party's expert. Any party who requests the right to cross-examine an expert and then does not do so will be expected to reimburse

the opposing party no less than the expenses incurred in producing the expert at the Trial.

(c)   The parties must conclude all expert discovery by the Expert Discovery Deadline set forth below.

**PRE-TRIAL MEET AND CONFER**.   Promptly after receipt of the items mentioned in **PRE-TRIAL SUBMISSIONS** above, the parties shall meet and confer (by video or by telephone – NOT by email) to discuss the Pre-Trial Submissions and shall, no fewer than 5 days prior to trial, submit a Joint Pre-Trial Statement that sets forth a concise and specific response to each of the following items.   To the extent the parties disagree as to a response to any of the foregoing items, the Joint Pre-Trial Statement should set forth each party's response clearly and concisely.

(a)   The following facts are admitted and require no proof

(b)   The following issues of fact, and no others, remain to be litigated

(c)   The following issues of law, and no others, remain to be litigated

(d)   The appropriate measure of damages is

(e)   The parties have exchanged lists of witnesses to be called at trial

(f)   The parties have exchanged all exhibits to be used at trial

(g)   The parties stipulate to the admissibility of the following exhibits.   (A stipulation pursuant to this provision does relieve any party of its obligation to introduce its exhibits and explain their probative value during trial.)

**(h)** The parties object to the admissibility of the following exhibits (include an explanation of the general nature of the objection to each disputed exhibit).

**MOTIONS IN LIMINE**. If efforts to resolve disputes regarding the introduction of testimony or exhibits are unsuccessful, motions in limine should be filed and served no later than **7 court days** before the Date and Time of Trial. Such motions should include a certification that the moving party has complied in good faith with the meet and confer requirements of the preceding paragraph. Opposition should be filed and served no later than **3 court days** before the Date and Time of Trial. Motions in limine will be addressed at the commencement of Trial.

**ORDER OF PRESENTATION AT TRIAL**. Unless otherwise agreed by the parties or ordered by the Court, Plaintiffs in adversary proceedings will present their cases-in-chief first.

**IMPEACHMENT AND REBUTTAL WITNESSES**. The requirement of advance identification of witnesses and production of exhibits does not apply to witnesses and exhibits presented for purposes of impeachment or rebuttal.[2]

**NOTICE TO COURT**. No later than the Monday of the week prior to the Date and Time of Trial, counsel for: Plaintiff (in an adversary proceeding); Moving Party (on a motion for

---

[2] The proper function of rebuttal evidence is to contradict, impeach or defuse the impact of the evidence offered by an adverse party. Testimony offered only as additional support to an argument made in a case in chief is improper on rebuttal. _Peals v. Terre Haute Police Dept._, 535 F.3d 621, 630 (7th Cir. 2008); _see_ also _Daly v. Far Eastern Shipping Co._, 238 F.Supp.2d 1231, 1238 (W.D. Wash. 2003), _aff'd_ 108 Fed. Appx. 476 (9th Cir. 2004).

relief from stay); and the Debtor or Trustee (on objections to claim or objection to plan confirmation) **must** telephone or e-mail the Court's Courtroom Deputy, Mr. Dan Sondheim (415-268-2312; dan_sondheim@canb.uscourts.gov), and report: whether the parties intend to go forward with the Trial as scheduled; if settlement is likely; and any other relevant information.

**NON-COMPLIANCE**.  Any failure of a party to comply timely with this scheduling order may result in judgment against such party, removal of the Trial from calendar, exclusion of evidence or imposition of monetary or non-monetary sanctions. See Fed. R. Civ. P. 16(f)(1)(C), incorporated via Fed. R. Bankr. P. 7016.

| | |
|---|---|
| **DATE AND TIME OF TRIAL:** | **Friday, December 22, 2023; 9:00 a.m.** |
| **TIME RESERVED FOR TRIAL:** | **1 day (3 hours of time on the record to each party)[3]** |
| **FACT DISCOVERY DEADLINE:** | **June 30, 2023** |
| **DISPOSITIVE MOTION DEADLINE:** | **October 6, 2023[4]** |
| **EXPERT DISCLOSURES:** | **July 31, 2023** |
| **REBUTTAL EXPERT DISCLOSURES:** | **August 31, 2023** |
| **EXPERT DISCOVERY DEADLINE:** | **September 30, 2023** |

---

[3] The court times its trials, and will strictly enforce compliance with this allocation of time.

[4] The court expects counsel to be familiar with the requirements of B.L.R. 7007-1.  The Federal Rules of Bankruptcy Procedure do not require a separate statement of undisputed facts in support of a motion under Bankruptcy Rule 7056, which applies Rule 56 of the Federal Rules of Civil Procedure to adversary proceedings.

| | |
|---|---|
| **PRE-TRIAL CONFERENCE**: | December 7, 2023; 2:00 p.m.[5] |
| **OTHER PROVISIONS**: | **(1) Plaintiff and Defendant have consented to entry of final orders and judgment by this court.[6]** |

**\*\*END OF ORDER\*\***

---

[5] Unless otherwise ordered, the December 7, 2023 pre-trial conference will convene via Zoom. The court encourages all interested parties to consult the court's website for information about court operations during the COVID-19 pandemic. The court's website also offers information explaining how to arrange an appearance at a video hearing. If you have questions about court operations or how to participate in a video hearing, you may contact the court by calling 888-821-7606 or by using the Live Chat feature on the court's website.

[6] Dkt. 1 (Complaint), ¶¶ 10-11; Dkt. 7 (Answer), ¶ 10.

## Court Service List