MATTHEW D. METZGER (SBN 240437)
mmetzger@belvederelegal.com
**BELVEDERE LEGAL, PC**
1777 Borel Place, Suite 314
San Mateo, CA 94402
Telephone: (415) 513-5980
Facsimile: (415) 513-5985

Attorney for US Performing Arts Camps

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PROFESSIONAL FINANCIAL INVESTORS, INC., *et al,*<br><br>Debtors. | Case No. 20-03064<br>(Jointly Administered)<br><br>Chapter 11 |
| MICHAEL GOLDBERG, TRUSTEE OF THE PFI TRUST,<br><br>Plaintiff,<br>v.<br><br>US PERFORMING ARTS CAMPS,<br><br>Defendant. | AP Case No. 22-03085<br><br>**MOTION FOR ORDER AUTHORIZING WITHDRAWAL OF COUNSEL**<br><br>**Date:** [No Hearing unless Timely Objection]<br>**Time:**<br>**Place:** Telephonic/ Videoconference<br>Courtroom 19<br>450 Golden Gate Avenue<br>16th Floor<br>San Francisco, CA<br>**Judge:** Hon. Hannah L. Blumenstiel |

**PLEASE TAKE NOTICE** that Matthew D. Metzger, Belvedere Legal, P.C., (the "Firm") counsel for the US PERFORMING ARTS, the above-captioned Defendant (the "Defendant"),

hereby moves for an order authorizing withdrawal of counsel (the "Motion"), pursuant to 9013-1, 9013-2, 9013-3, and 9014-1(b)(3) of the Bankruptcy Local Rules. The Motion is based on the *Declaration of Matthew D. Metzger in Support of Motion for Order Authorizing Withdrawal of Counsel* ("Metzger Decl.") filed herewith and incorporated herein.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. RELEVANT FACTS

The Defendant has not paid for all invoices for past legal services. It appears that the Defendant also is unable to pay a future retainer to reimburse the Firm for future time and expenses necessary for trial preparation. Metzger Decl. ¶¶ 2-3. A pre-trial conference is scheduled for December 7, 2023 and trial is scheduled for December 22, 2023. Dkt. # 12. The Firm has filed the Motion in early August 2023 to allow the Defendant as much as time as possible to locate replacement counsel before the December trial date. *Id*. ¶ 7.

### II. ARGUMENT

Pursuant to Rule 11-5 (a) of the Local Civil Rules in force in the Northern District of California, "counsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Furthermore, California's professional ethics Standing Committee has opined that "Attorney may not withdraw absent either client consent or a court order. (Code Civ. Proc., § 284; rule 3-700(A)(1))" and, when seeking leave of court to withdraw as counsel, it will ". . . ordinarily…be sufficient [for an attorney] to say only words to the effect that ethical considerations require withdrawal." Formal Opinion No. 2015-192.

Rule 1.16(b)(5) of the California Rules of Professional Conduct provide that a lawyer may withdraw from representing a client if "the client breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation, and the lawyer has given the client a reasonable warning after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation." Additionally, Rule 1.16(b)(6) also authorizes permissive

withdrawal where the client ". . . knowingly and freely assent to termination of the representation."

Here, the Defendant has breached the Firm's legal services contract. The Firm also cannot prepare for time and expenses of trial and any dispositive motion work without a retainer in place.

### III. CONCLUSION

For the foregoing reasons and for the reasons set forth in the Declaration of Matthew D. Metzger, submitted in support of this Motion, the Firm respectfully requests that the Court enter an Order granting the Firm leave to withdraw as counsel of record for the Defendant.

Dated: August 4, 2023

**BELVEDERE LEGAL, PC**
By: _____/s/ *Matthew D. Metzger*_____
Matthew D. Metzger
Attorney for US Performing Arts Camps